IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:17CR189 |
| v. | |
| KHRYE HOLBERT, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on initial review of defendant Khyre Holbert's ("Holbert") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 82). For the reasons stated below, the motion is denied without a hearing and no certificate of appealability will issue.

I. BACKGROUND

A. Indictment

On June 21, 2017, a grand jury charged Holbert in a ten-count indictment (Filing No. 17) with (1) four counts of distributing a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1) (Counts I, IV, V, and VIII); (2) three counts of using and carrying a firearm during and in relation to and in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts II, VI, and IX); and (3) three counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts III, VII, and X).

B. Change-of-Plea Hearing

At a plea hearing on August 30, 2018, Holbert pleaded guilty to Counts I, II, and III, pursuant to a written plea agreement (Filing No. 74) under Federal Rule of Criminal

Procedure 11(c)(1)(C).[1] In exchange for Holbert's guilty plea on those counts, the government agreed to dismiss the remaining seven counts at sentencing. The parties agreed to a sentence of 240 months imprisonment. If convicted on all counts under the indictment, Holbert faced a mandatory-minimum sentence of 660 months imprisonment on the gun charges alone.

In the plea agreement, Holbert waived the right to seek or receive a sentence reduction under 18 U.S.C. § 3582(c)(2).[2] Holbert also waived the right to appeal or challenge in post-conviction proceedings his conviction or sentence with few exceptions, such as seeking relief from ineffective assistance of counsel in post-conviction proceedings. Holbert also submitted a petition to enter a plea of guilty (Filing No. 73) at the plea hearing, generally certifying he (1) knew and understood the charges and his rights and (2) knowingly and voluntarily waived those rights.

Holbert confirmed under oath at the plea hearing that he (1) read and understood the plea agreement and petition, (2) reviewed those documents with his counsel, and (3) had no questions. The Court found Holbert competent to plead, that he understood the charges against him and his rights, and that he willingly, voluntarily, knowingly, and intelligently waived those rights, understanding the consequences. The Court accepted Holbert's guilty plea but took the plea agreement under advisement pending receipt of a presentence investigation report ("PSR").

C. **Sentencing**

On November 30, 2018, the Court, having reviewed Holbert's Second Revised PSR (Filing No. 81), accepted the plea agreement and sentenced Holbert to 120 months on each

---

[1] Under Rule 11(c)(1)(C), parties agree to a "specific sentence" which is binding on the Court if it "accepts the plea agreement."

[2] This statute allows the Court to modify a sentence under certain circumstances if the United States Sentencing Commission lowers the United States Sentencing Guidelines sentencing range after sentencing.

of Counts I, II, and III, with Count II to run consecutively to Counts I and III. Holbert did not appeal.

Holbert now seeks relief under § 2255 alleging ineffective assistance of counsel. In his motion and affidavits in support of his motion, Holbert ostensibly argues his counsel was ineffective for not (1) ensuring the Court deferred acceptance of the plea agreement pending a PSR, (2) advising Holbert of the ramifications of waiving certain rights under the plea agreement, and (3) investigating mitigating factors for 18 U.S.C. § 3553(a), which outlines the factors the Court considers for sentencing. Each ground fails.

## II. DISCUSSION

### A. Standard of Review

Section 2255 entitles Holbert to relief if his "sentence was imposed in violation of the Constitution or laws of the United States." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the Court to perform an initial review of § 2255 motions and dismiss a motion if it "plainly appears" the movant is not entitled to relief from the "motion, any attached exhibits, and the record of prior proceedings."

The Sixth Amendment guarantees the right to effective assistance of counsel during critical stages, such as plea negotiations, the entry of guilty pleas, and sentencings. *See Walker v. United States*, 810 F.3d 568, 577-78 (8th Cir. 2016). To be eligible for habeas relief based on ineffective assistance of counsel, a defendant must show "(1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense." *Guzman-Ortiz v. United States*, 849 F.3d 708, 713 (8th Cir. 2017); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To prove deficient performance, a defendant must demonstrate his counsel's errors were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687). A "strong

presumption" exists "that counsel's conduct falls within the wide range of reasonable professional assistance." *Booth v. Kelley*, 882 F.3d 759, 762 (8th Cir. 2018) (quoting *Strickland*, 466 U.S. at 689). To show prejudice, a defendant must establish that but for his counsel's errors, there is a reasonable probability "the result of the proceeding would have been different." *Guzman-Ortiz*, 849 F.3d at 713 (quoting *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). A reasonable probability is one "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

### B. Holbert's Claims
#### 1. Acceptance of the Plea Agreement

Holbert first argues his counsel "failed to invoke Rule 11(c)(1)(C) procedural safeguards" by not requesting that the Court defer acceptance of the plea agreement pending his PSR. Holbert's theory fails. Even if his counsel was somehow deficient, Holbert was not prejudiced. The Court waited to accept the plea agreement until after reviewing the Second Revised PSR.

#### 2. Failure to Explain the Plea Agreement

Holbert next contends his counsel inadequately advised him of the consequences of waiving his rights to appeal and his right to seek relief under § 3582(c)(2) in the plea agreement. Holbert claims if his counsel fully explained these waivers, he would have "pause[d]" to weigh his options and consider proceeding to trial.

The Court may only accept a guilty plea if a defendant changes his plea voluntarily, fully understanding the consequences. *See United States v. Frook*, 616 F.3d 774, 775 (8th Cir. 2010). A defendant cannot voluntarily enter into a plea agreement if "the plea agreement itself is the result of" ineffective assistance of counsel. *See DeRoo v. United States*, 223 F.3d 919, 923-24 (8th Cir. 2000).

Holbert meets neither the performance nor the prejudice prong. Regarding his counsel's performance, Holbert confirmed both in his petition and at the plea hearing (1) he

4

read and understood the plea agreement, (2) his counsel reviewed the plea agreement with him, and (3) he had no questions for his counsel or the Court. Holbert's present allegations contradict his "representations during the plea-taking" which "carry a strong presumption of verity and pose a formidable barrier" in this "subsequent collateral proceeding[]." *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) (quoting *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997)); *see also Meza-Lopez v. United States*, 929 F.3d 1041, 1045 (8th Cir. 2019) (finding no deficient performance where the defendant stated at his plea hearing he was satisfied with his counsel and confirmed he entered his plea voluntarily).

Even assuming his counsel inadequately explained the waivers, however, Holbert's claim fails for lack of prejudice. Holbert argues (1) the Court should presume prejudice as he "waived his appellate rights" due to his counsel's errors and (2) his counsel's errors did prejudice him because if she had explained the waivers in the plea agreement he would have "pause[d]" to consider trial, among other options.

The Court only presumes prejudice for "[a] narrow class of errors" by counsel "considered 'structural' errors that require automatic reversal." *Becht v. United States*, 403 F.3d 541, 547 (8th Cir. 2005). Examples of structural errors are "the complete denial of counsel, a biased judge, racial discrimination in jury composition, denial of a public trial, and a defective jury instruction on the reasonable-doubt standard of proof." *Id.* Holbert relies on *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), where the Supreme Court recognized that prejudice is presumed if "an attorney disregards specific instructions from a defendant to file a notice of appeal," *Watson v. United States*, 493 F.3d 960, 963-64 (8th Cir. 2007) (quoting *Flores-Ortega*, 528 U.S. at 477).

Here, Holbert alleges his counsel inadequately explained waivers in his plea agreement, not that his counsel ignored his direct request to file a notice of appeal or committed any of the other errors among the "narrow class" deemed structural. *See Becht*,

403 F.3d at 547. Holbert identifies no authority for presuming prejudice under these circumstances. Holbert, therefore, must demonstrate prejudice.

To establish prejudice, Holbert "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Covington v. United States*, 739 F.3d 1087, 1090 (8th Cir. 2014) (quoting *Hill*, 474 U.S. at 59). The Court may not "upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies[, but] instead [must] look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Dat v. United States*, 920 F.3d 1192, 1195 (8th Cir. 2019) (quoting *Lee v. United States*, 582 U.S. ___, ___, 137 S. Ct. 1958, 1965 (2017)). "[V]ague and conclusory allegations are not sufficient to state a ground for relief" under § 2255. *Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986).

Holbert has not adequately alleged, let alone demonstrated, he would have insisted on going to trial if his counsel had more thoroughly discussed the waivers. Holbert instead vaguely asserts he would have "pause[d]" to consider "alternative courses" such as going to trial and all other options. This is far too speculative to establish prejudice. *See id.*; *see also Sanders v. Trickey*, 875 F.2d 205, 211-12 (8th Cir. 1989) (finding speculation insufficient to establish prejudice); *Woods v. United States*, 567 F.2d 861, 863 (8th Cir. 1978) (affirming the denial without a hearing of a § 2255 claim based on speculation).

And Holbert identifies no evidence to substantiate his present vague assertions. *See Dat*, 920 F.3d at 1195. Looking to the circumstances at the time of Holbert's plea, the parties agreed to a 240-month sentence in the plea agreement, whereas if convicted of all charges under the indictment, Holbert faced a 660-month sentence on the gun charges alone. *See Witherspoon v. Purkett*, 210 F.3d 901, 905 (8th Cir. 2000) (finding no reasonable probability a defendant would have gone to trial when facing a life sentence versus a twenty-year deal). Given the potential gravity of his sentence without the plea agreement, Holbert's "bare assertion" he would have "pause[d]" to consider trial is

6

insufficient to warrant § 2255 relief. *United States v. Frausto*, 754 F.3d 640, 644 (8th Cir. 2014).

### 3. Section 3553(a) Sentencing Factors

Finally, Holbert argues his counsel was ineffective by not "investigating" the § 3553(a) factors. Although he does little in the way of explaining what information his counsel would have discovered, Holbert seemingly believes if his counsel examined the § 3553(a) factors either before the government "tendered" the plea agreement or at sentencing, he could have received a lower sentence. The argument is meritless.

Assuming his counsel was somehow deficient, Holbert must demonstrate prejudice from the plea negotiations by showing the result of those "negotiations would have been different had [his] counsel performed adequately." *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1105 (8th Cir. 2011) (quoting *United States v. Reganos*, 405 F.3d 691, 693 (8th Cir. 2005)); *see also Witherspoon*, 210 F.3d at 903 (finding a defendant must show an investigation would have uncovered evidence that "would have caused counsel to change [her] recommendation as to the plea offer"). Similarly, for sentencing, Holbert must demonstrate there is a reasonable probability his sentence would have been shorter if his counsel had not been ineffective. *United States v. Parrott*, 906 F.3d 717, 720 (8th Cir. 2018). Holbert has established neither.

Other than noting that this was the first time the government charged Holbert under 18 U.S.C. § 924(c) and that other individuals have received shorter sentences under that statute, both facts the Court already considered, Holbert does not point to any information his counsel would have found by "investigating" the § 3553(a) factors. *See Sanders v. Trickey*, 875 F.2d 205, 201 (8th Cir. 1989) (rejecting a § 2255 claim where a defendant did not allege the information an investigation would have uncovered). And there is no reasonable probability the Court would have given Holbert a lower sentence but for his counsel's performance because (1) the Court itself weighed the § 3553(a) factors, including his criminal history in his PSR, even if Holbert's counsel did not, and (2) the

7

Court was bound by the sentence in the plea agreement once the Court accepted it, *see* Fed. R. Crim. P. 11(c)(1)(C). Holbert is not entitled to § 2255 relief.

### C. Evidentiary Hearing

Holbert requests an evidentiary hearing, which the Court must grant unless

> (1) [his] allegations, accepted as true, would not entitle [him] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

*Tinajero-Ortiz*, 635 F.3d at 1105 (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)). In this case, many of Holbert's assertions contradict the record. But even if the Court accepts Holbert's assertions as true, he is still not entitled to relief, as explained above. His request for an evidentiary hearing is denied. *See id.*

### D. Certificate of Appealability

To appeal the denial of § 2255 relief, a defendant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c). The Court will only issue a certificate of appealability upon a "substantial showing of a denial of the constitutional right." *Id.* "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Garrett v. United States*, 211 F.3d 1075, 1077 (8th Cir. 2000) (quoting *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997)). Holbert has not made that showing here, and the Court will not issue a certificate of appealability.

## III. CONCLUSION

It appears plainly from Holbert's § 2255 motion and the record in this case that Holbert is not entitled to relief. *See* 28 U.S.C. § 2255, Rule 4(b). Accordingly,

IT IS ORDERED:
1. Khyre Holbert's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 82) is denied without a hearing.

2. No certificate of appealability will issue.

3. A separate judgment will be entered.

4. The Clerk of Court is directed to mail a copy of this Memorandum and Order to Holbert at his address of record.

Dated this 5th day of February 2020.

BY THE COURT:

*Robert F. Rossiter, Jr.* (signature)

Robert F. Rossiter, Jr.
United States District Judge