IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KHYRE HOLBERT,<br><br>    Defendant. | **8:17CR189**<br><br><br>**ORDER** |

This matter is before the Court on defendant Khyre Holbert's ("Holbert") Motion for Compassionate Release (Filing No. 86) due to COVID-19.  For the reasons below, Holbert's motion is denied.

On August 30, 2018, Holbert plead guilty pursuant to a written plea agreement (Filing No. 74) to (1) knowingly and intentionally distributing a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1); (2) knowingly carrying and using a firearm during and in relation to a drug-trafficking crime and knowingly possessing a firearm in furtherance of that crime, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) knowingly possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The Court sentenced him to a prison term totaling 240 months, followed by three years of supervised release.  He is currently incarcerated at USP-Leavenworth.

The "compassionate release" provision of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), codified at 18 U.S.C. § 3582(c)(1)(A), permits Holbert to move for a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is

earlier."  To obtain relief, Holbert must show "extraordinary and compelling reasons to reduce his sentence."  *Id.* § 3582(c)(1)(A)(i).

After a defendant satisfies the statutory requirements, the Court may reduce his sentence upon consideration of the applicable factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses of a conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense.  The defendant's sentence should also protect the public from future criminal conduct by the defendant, deter recidivism, and aid in the defendant's rehabilitation.  *Id.*

The Court must ensure any "reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A).  The Sentencing Commission's policy statement regarding prison sentence reductions under § 3582(c)(1)(A) lists several reasons to justify a sentence reduction, such as a defendant's medical condition, age, and dire family circumstances.  U.S.S.G. § 1B1.13, cmt. n.1.[1]  The policy statement also includes a catch-all provision for other "extraordinary and compelling" reasons.  *Id.*

Holbert allegedly sought relief from the warden in July 2020.  If true, the requisite thirty days have passed to satisfy § 3582(c)(1)(A)'s procedural barrier to judicial review. *See United States v. Gilmore*, 8:16CR62 (D. Neb. June 1, 2020).  But Holbert's request fails on the merits because he has not shown "extraordinary and compelling" reasons to reduce his sentence under the circumstances of this case.

Holbert, age 26, notes in his motion that he may have come into contact with other inmates who tested positive for COVID-19.  He does not, however, identify any medical

---

[1]This policy statement predates the First Step Act and does not govern the Court's review of a defendant's request for compassionate release, but the Court finds it helpful in deciding whether to grant relief.  *See United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

conditions that place him at high risk for contracting the virus.  Although the presence of COVID-19 is relevant to the Court's analysis, a defendant must also show some particularized susceptibility to the virus.  *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).    The  possible  spread  of  COVID-19  alone  cannot  independently  justify compassionate release.  *Id.*  The Court understands his fear of COVID-19, but unfortunately, the circumstances Holbert describes are not so extraordinary or compelling to justify reducing his sentence at this time.  Accordingly, defendant Khyre Holbert's Motion for Compassionate Release (Filing No. 86) is denied without prejudice.

IT IS SO ORDERED.

Dated this 13th day of October 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge