IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:17CR189** |
| v. | |
| KHYRE HOLBERT, | **MEMORANDUM AND ORDER** |
| Defendant. | |

On August 30, 2018, defendant Khyre Holbert ("Holbert") pleaded guilty to one count of distributing crack cocaine, in violation of 21 U.S.C § 841(a)(1) and (b)(1), one count of possessing a firearm in furtherance of that drug crime, in violation of 18 U.S.C. § 924(c)(1)(A), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Through a plea agreement (Filing No. 74), Holbert and the government negotiated a 240-month sentence, which the Court imposed. *See* Fed. R. Crim. P. 11(c)(1)(C). The Court also imposed a three-year supervised release term. Holbert did not file a direct appeal.

Holbert is currently serving that sentence at the high-security United States Penitentiary in Thomson, Illinois. His projected release date is May 11, 2035.

On November 5, 2019, Holbert filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 82). He raised several grounds for relief related to the alleged ineffectiveness of his counsel. On February 5, 2020, the Court denied Holbert's first § 2255 motion without a hearing for lack of merit (Filing No. 83). Later that year, Holbert also moved for a sentence reduction under 18 U.S.C. § 3582 in light of the ongoing COVID-19 pandemic (Filing No. 86). That motion was denied without prejudice (Filing No. 88).

Now before the Court is Holbert's second *pro se* motion under 28 U.S.C. § 2255 (Filing No. 89).  Holbert asks the Court to set aside, vacate, or correct his sentence by challenging his conviction under 18 U.S.C. § 922(g)(1).  Holbert seeks this relief on the grounds that, in the past year, district court judges have issued "landmark reversals" of § 922(g)(1) convictions.  He states these judges have reasoned that "felons, under the prestigious Second Amendment [to the United States Constitution] do, in fact, have" a right to bear arms that is infringed by the statute.  *See*, *e.g.*, *United States v. Bullock*, Case No. 3:18-CR-165, ___ F. Supp. 3d ___, ___, 2023 WL 423209, at *31 (S.D. Miss. June 28, 2023) (finding the government failed to demonstrate the § 922(g)(1) charge against the defendant was supported by a "historical tradition").  These recent decisions, he argues, warrant a sentence reduction in the range of 60 to 84 months.[1]

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court must generally order the government to respond to Holbert's motion.  However, if it appears from the Court's initial examination of "the motion, any attached exhibits, and the record of prior proceedings" that Holbert is not entitled to relief, the motion may be summarily dismissed at this early stage.  *Id.*

The Court finds dismissal is warranted here because Holbert's § 2255 motion is an unauthorized "second or successive motion."  28 U.S.C. § 2255(h); *see Rouse v. United States*, 14 F.4th 795, 802 (8th Cir. 2021) (upholding the district court's dismissal of successive claims for § 2255 relief that were not authorized by the court of appeals).

---

[1]Holbert also argues that recent decisions by the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit support his assertion that his § 922(g) conviction is inconsistent with his Second Amendment rights.  *See N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. ___, ___, 142 S. Ct. 2111, 2126 (2022) (concluding the "the government must demonstrate that [a] regulation is consistent with this Nation's historical tradition of firearm regulation" to survive a Second Amendment challenge); *United States v. Daniels*, 77 F.4th 337, 347-48 (5th Cir. 2023) (deciding § 922(g)(3) was unconstitutional as applied to the defendant because it presented a "significantly greater restriction of his rights" than historical regulations on firearms).

"Under the Antiterrorism and Effective Death Penalty Act of 1996 [('AEDPA')], a federal prisoner must receive certification from the court of appeals to file a 'second or successive' 2255 motion." *United States v. Brown*, 915 F.3d 1200, 1201 (8th Cir. 2019); *see also* 28 U.S.C. § 2255(h).  "This rule may not be evaded by simply filing a successive § 2255 motion in the district court." *Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018) (internal quotation omitted).

The Court adjudicated Holbert's first motion under § 2255 on the merits in dismissing it with prejudice on initial review.  *See United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014) (stating that the gravamen of whether a motion is second or successive is whether the movant's prior petition was adjudicated on the merits).  His present § 2255 motion for relief is, therefore, second or successive under AEDPA.  Because Holbert has not properly sought and received a certificate from the court of appeals to file this motion, it must be dismissed.

Holbert is free to seek a certificate to file a second or successive motion, but he is unlikely to be successful in doing so on the grounds for relief he has asserted.  The court of appeals "may not certify a second or successive § 2255 motion unless it contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Baranski*, 880 F.3d at 955; *see also* 28 U.S.C. § 2255(h)(1)-(2).

Holbert's motion seems to rely on a "new rule of constitutional law" pertaining to the Second Amendment rights of felons that he believes has been established by recent cases.  However, the lower-court decisions he cites in support of this contention cannot serve as a foundation for a successive § 2255 motion as AEDPA requires such motions rely on a new rule of constitutional law "made retroactive to cases on collateral view *by*

*the Supreme Court*."  28 U.S.C. § 2255(h)(2); *cf. E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006) (concluding a decision by a court of appeals could not trigger AEDPA's one-year limitation period under § 2255(f)(3) that referred to the date on which a "right [was] newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").

Moreover, any reliance on *Bruen* in seeking authorization to file a second § 2255 motion would also be futile.  *Bruen* did not announce a retroactively applicable rule related to the Second Amendment rights of criminal defendants; instead, it determined the constitutionality of a state firearm licensing regulation.  597 U.S. at ___, 142 S. Ct. at 2138 (concluding New York's hand-gun licensing requirement that applicants demonstrate a "special need for self-protection" was inconsistent with the "Nation's historical tradition"); *see also Donnell v. United States*, 826 F.3d 1014, 1017 (8th Cir. 2016) (stating that a decision does not announce a new rule under § 2255(h)(2) if it "merely serves as a predicate for urging adoption of another new rule that would recognize the right asserted by the movant").  The Supreme Court has yet to apply the reasoning of *Bruen* to constitutional challenges to § 922(g) and the Eighth Circuit has explicitly denied the viability of such challenges.  *United States v. Jackson*, 69 F.4th 495, 501-02 (8th Cir. 2023) (upholding § 922(g)(1) as "consistent with the Nation's historical tradition of firearm regulation" (quoting *Bruen*, 597 U.S. at ___, 142 S. Ct. at 2130)).  While Holbert may hope that *Bruen* and lower-court decisions are marshalling a new era with regard to § 922(g)'s constitutionality, that time has not yet arrived.

In addition to his constitutional argument, Holbert urges the Court to reconsider his sentence in light of his "rehabilitative efforts and re-entry plan."  Holbert highlights decisions he has made while incarcerated to seek education and better himself.  He also describes a number of commendable steps he intends to take upon re-entry which include mending relationships with loved ones, furthering his education, obtaining gainful employment, and becoming a community leader and mentor to at-risk youth.  The Court

no-doubt looks favorably upon Holbert's more-recent choices. Faced with an incredibly difficult situation, he has decided to "make the most out of [his] sentence."

Though these and other grounds for relief cannot be considered in the context of an unauthorized successive § 2255 motion, such arguments may be brought before the Court through a motion for a sentence reduction under 18 U.S.C. § 3582. The Court may modify Holbert's sentence under a § 3582 motion if he (1) thoroughly fulfills the pre-motion requirements set out in subsection (c)(1)(A) and, (2) demonstrates that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Rehabilitation . . . alone [can] not be considered an extraordinary and compelling reason" for modification of a sentence under § 3582(c)(1)(A), 28 U.S.C. § 994(t), but such efforts may be considered by the Court in combination with other factors, *United States v. Williams*, 943 F.3d 841, 844 (8th Cir. 2019). Should Holbert wish to file a motion to reduce his sentence, then, he should provide the Court with details of any additional grounds he believes warrant a modification of his sentence. *See* 18 U.S.C. § 3553(a) (setting out factors the district court may consider on a § 3582 motion); *United States v. Rodd*, 966 F.3d 740, 746-47 (8th Cir. 2020) (describing circumstances that may constitute "extraordinary and compelling" reasons for a sentence reduction); *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022) (stating "the district court is not required to investigate possible avenues for relief or to develop the record in support of a motion" under § 3582).

IT IS SO ORDERED.

Dated this 16th day of October 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge